## HART-PARR CO. v. BARTH MFG. CO.

(Circuit Court of Appeals, Eighth Circuit.   March 9, 1918.)

No. 4899.

1. EVIDENCE ⬳318(1)—HEARSAY—DOCUMENTARY EVIDENCE.

In an action for the reasonable value of labor and materials, which plaintiff bestowed, at the request of defendant, upon certain metal patterns and accessories, a written statement of the number of hours of labor expended and the materials furnished is self-serving, and should not be admitted in connection with the testimony of a witness as to the number of hours expended on the job, as shown from the time slips which were produced in court.

2. WORK AND LABOR ⬳30(2)—ACTIONS—EVIDENCE—JURY QUESTIONS.

In an action for the reasonable value of labor and materials bestowed upon certain metal patterns at the request of defendant, evidence as to the hours of labor necessary and the value of materials furnished held to raise a question for the jury.

3. SALES ⬳418(8)—BREACH BY SELLER—DAMAGES—REMOTENESS.

Where the delivery of metal patterns ordered for use in casting farm tractor engines, was unreasonably delayed, the maker, in the absence of a prior notice, is not liable for remote and inconsequential damages resulting to the buyer by reason of the use of wooden patterns during the delay.

In Error to the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

Action by the Barth Manufacturing Company against the Hart-Parr Company, which counterclaimed. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

Edwards, Longley, Ransier & Smith, of Waterloo, Iowa, and J. P. Gregg, of Charles City, Iowa, for plaintiff in error.

Jackson B. Kemper and Albert K. Stebbins, both of Milwaukee, Wis., for defendant in error.

Before SANBORN and SMITH, Circuit Judges, and TRIEBER, District Judge.

SANBORN, Circuit Judge.   The Barth Manufacturing Company, a corporation, doing business at Milwaukee, Wis., sued the Hart-Parr Company, a corporation, engaged in business in Charles City, Iowa, for $3,581.16 which it alleged was the reasonable value of labor and materials which it bestowed, at the request of the Hart-Parr Company, upon certain metal patterns and their accessories, made by it to be used by the Hart-Parr Company in the manufacture of castings for the engines of tractors.   In this litigation these patterns are known as No. 4096, crank case; No. 4099, right cylinder; and No. 4100, left cylinder.   The Barth Company attached to its complaint a statement, which it called Exhibit C, of the number of hours of labor, the prices thereof per hour, the number of pounds of iron, the prices thereof per pound, the amount of other materials, and the prices thereof, which it alleged it had expended upon each of these patterns and their accessories, alleged that it had completed and delivered the crank case and the right

cylinder, and had been prevented from completing the left cylinder by a notice from the Hart Company that it would not accept it. It averred in its complaint that the prices and cost of the work and material furnished in the manufacture of the patterns for the Hart Company, as set out in Exhibit C, were fair and reasonable prices, and were the prices and costs therefor which were agreed to by the Hart Company. This last averment, if standing alone, might raise some doubt whether the action was for a quantum meruit or for a contract price; but counsel for the Barth Company insist in their brief that it is upon a quantum meruit, and the record of the trial sustains that position.

The Hart Company by its answer admitted that it had ordered the patterns, for the value of which the action was brought, and that the Barth Company had agreed to manufacture them. But it denied that the Barth Company furnished the work or material set forth in Exhibit C, that the cost or prices of the work there stated were fair, reasonable, or just, and that they were agreed to by it. It averred that the crank case and accessories were furnished under a written contract evidenced by letters of July 20 and 25, 1912, by which the Barth Company agreed to make the master pattern complete for the crank case job, including material, for $290, by which the Barth Company estimated the cost of the crank case and other accessories to be $365, and guaranteed that it should not require more than 912½ hours of labor, nor cost more than $456.25 plus the cost of material as billed to it. The amount charged for the master pattern by the Barth Company, in its Exhibit C to its complaint, was $319, and the price charged therein for the crank case and other accessories was $1,798.45. The Hart Company alleged in its answer that the Barth Company agreed that the labor cost for the right cylinder and its accessories should not exceed $456.25. The labor cost charged for this cylinder and its accessories in the Barth Company's Exhibit C was $878.24. The Hart Company averred in its answer that the Barth Company agreed that the labor cost of the left cylinder should not exceed $187.50. The labor cost charged for this cylinder by the Barth Company in its Exhibit C was $348.59. The Hart Company pleaded in its answer that the Barth Company failed to deliver either of the cylinders or their accessories within the time it agreed to furnish them, and that for that reason it had declined to accept them. It also set forth a counterclaim for $112.05 expended by it to make the crank case and core box conform to the order for them, for $93.70 it overpaid by mistake for the master pattern for the crank case, for $222.90 expenses incurred sending its shop superintendent and pattern foreman to Milwaukee, because the Barth Company had failed to construct the cylinders according to the plans and specifications in due time, and for $17,162 loss and damage which it alleged were inflicted upon it in the conduct of its business by the unreasonable delay of the Barth Company in the delivery of the metal patterns, in that the Hart Company was compelled to use wooden patterns, instead of the expected metal patterns, during this delay.

The issues presented by these pleadings were tried out before the court and a jury, and at the close of the evidence the court instructed

the jury to return a verdict for the Barth Company for $4,142.02. The Hart Company excepted to this instruction, and to many other rulings in the progress of the trial; but the main question in this court is: Was the evidence in support of the plaintiff's case so conclusive and free from substantial evidence to the contrary at the close of the trial that there was no question of fact which it was the duty of the court to submit to the jury?

In making up the amount of the verdict the court allowed the Barth Company, on account of the labor expended by it on the crank case and its accessories, other than the master pattern, $1,325.20 for 2,650.4 hours of labor at 50 cents an hour, and $296.06 for the value of iron, sheet metal, packing boxes, and lumber, making in all $1,621.26. In support of this conclusion there was evidence tending to show that in July, 1912, the Barth Company in writing estimated the labor on this crank case and accessories, excluding the master pattern, at 730 hours, costing $365, and guaranteed that it would not be more than 912½ hours, costing $456; that subsequent changes were made in the work as it proceeded, and in December, 1912, the manager of the Barth Company, in answer to an inquiry by the shop manager and pattern foreman of the Hart Company, told the latter that it looked as though the crank case job plus the master pattern, which it will be remembered the Barth Company had agreed to make, before the slight change was made in the plan of it, for $290, was very likely to cost between $1,600 and $1,800.

[1] The plaintiff introduced in evidence a statement, Exhibit YY, of the alleged number of hours of work it claimed to have expended upon the crank case job, and the testimony of Mr. Wangerin to the effect that he had found, from the time slips which were produced in court, that the number of hours thus used by the Barth Company amounted to 2,650.4 hours. There was also upon this Exhibit YY a statement of the number of pounds of iron and steel and the amount of the lumber alleged to have been used upon this job, and of its alleged value, $296.06. Counsel for the defendant objected to the introduction of this exhibit as incompetent and as a self-serving statement; the objection was overruled, and an exception noted. It goes without saying that this exhibit had no probative value. It proved no more than the denied averments of the complaint. It merely stated the number of hours the Barth Company claimed to have used; but Wangerin's testimony was the only evidence of the number actually used. It stated the amount and value of the material the Barth Company claimed to have used in this crank case job; but it proved neither that this material was used nor that its cost or value was as there set forth. In this exhibit, and in Exhibit C attached to the complaint, 3,636 pounds of iron are charged against the Hart Company at 6 cents per pound, 80½ pounds at 5½ cents per pound, 199 pounds of sheet metal, at 3½ cents per pound, packing boxes, at $10.91, and crating lumber, at $16.23. The use and the alleged price and value of these materials were denied by the answer. No evidence has been discovered in the record of the amount of those materials, if any, that were used, and no evidence has been found in the record that they were of the

value charged in this exhibit and allowed by the court. On the other hand, witnesses for the Hart Company testified that the iron used in the crank case job was not worth more than from 2.5 to 3.5 cents per pound.

[2] The number of hours which Mr. Wangerin testified were used on the crank case job was 2650.4. Witnesses who qualified as experts testified on behalf of the Hart Company that the crank case job could have been done and completed with the use of much less time, Hart of not more than 500 hours, Rishel of not more than 896 hours, Brady of not more than 950 hours, while the Barth Company in July, 1912, agreed that the cost of the master pattern would not exceed $290, nor the labor cost of the crank case and the other accessories more than $456.25 for 912½ hours. The fact is not overlooked that there was evidence at the trial that substantial changes were made in the work of manufacturing the master pattern and in the work of manufacturing the metal patterns for the crank case after the guaranty of July, 1912. But the evidence upon this subject was contradictory as to the nature and character of those changes; the witnesses for the plaintiff testifying that they were large and expensive, and the witnesses for the defendant that they were slight and of little consequence.

In this state of the evidence the conclusion is unavoidable that the answers to the questions, what was the reasonable number of hours for which the Barth Company was lawfully entitled to recover on account of the crank case job and its accessories, other than the master pattern? what was the amount and character of the material necessarily used by the Barth Company in that job? and what was the reasonable value of that material? were conditioned by substantial evidence so clearly in conflict that the Hart Company was entitled to the finding of a jury upon them.

[3] There was a similar condition of the testimony regarding the amounts which the Barth Company was entitled to recover on account of the work and material it furnished upon the right cylinder, especially upon the amount, character, and value of the materials furnished upon the right cylinder and upon the left cylinder, which forbid judgment for the amounts allowed by the court without a verdict of the jury. These conclusions compel a reversal of the judgments below and a new trial, and render it unnecessary to discuss other alleged errors. The court is, however, unanimous in the opinion that there was no error in the exclusion of the evidence offered to prove that part of the counterclaim of the Hart Company consisting of the $17,162 for alleged loss and damage to that company. That alleged injury was too remote and inconsequential, in the absence of prior notice to the Barth Company of its imminence, to form the basis of a valid claim or a just recovery.

Let the judgments below be reversed, and let the case be remanded to the court below for a new trial.